UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SEAN MICHAEL SWEGMAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-290-DRL-MGG |
| INDIANA PAROLE DISTRICT *et al.*, | |
| Defendants. | |

OPINION & ORDER

Sean Michael Swegman, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against the Indiana Parole District #8 and Mr. Webb, a parole agent. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks and citation omitted).

Mr. Swegman alleges that on January 17, 2020, Mr. Webb advised him of a parole violation for which he was to serve an additional 60 days "after [his] misdemeanor case was exhausted." ECF 1 at 2. According to Mr. Swegman, on March 2, 2020, his misdemeanor case was "exhausted with time

served with 30 days credit given." *Id.* Based on that data, Mr. Swegman calculated his outdate to be March 31, 2020. However, he was informed that he would be held until April 29, 2020 because Mr. Webb had advised the Sheriff of the Cass County Jail that he was to "serve day for day for [his] D.O.C. parole sanction, and that [he] would not receive his earned credit time." *Id.* Mr. Swegman has sued the Indiana Parole District and Mr. Webb for monetary damages and to "fix their mistake." *Id.* at 4.

Mr. Swegman's claims cannot proceed for several reasons. First, to the extent he is challenging his confinement, he cannot seek that remedy in a civil rights action. A civil rights action is the appropriate vehicle to seek monetary damages, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement. *See generally Glaus v. Anderson,* 408 F.3d 382 (7th Cir. 2005) (explaining the difference between civil rights and habeas remedies).

Second, to the extent he seeks money damages, he cannot proceed against the Indiana Parole Board because there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Mr. Swegman has also sued Mr. Webb, but the only allegations that pertain to Mr. Webb's personal involvement in the matter are that he (1) informed Mr. Swegman of the Board's decision, and (2) reiterated that sanction to the Sheriff when asked about it. Mr. Webb has not identified any specific federal constitutional right that was violated by these alleged actions. *See Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Third, to the extent any claim may exist now or could by amendment, such claim would be precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held as follows:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

2

*Id.* at 486-87; *see also Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997) (observing that *Heck* applies to a civil rights suit premised on the "invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment"). Mr. Swegman does not allege, nor is it plausible here, that the sanction regarding his probation violation has been vacated on appeal, set aside, or otherwise called into question. Mr. Swegman thus cannot pursue a claim that would undermine the validity of the parole revocation proceeding.

Finally, although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave to amend where . . . the amendment would be futile"). Given the legal issues here, an amendment would be futile.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

April 7, 2020                                           *s/ Damon R. Leichty*
                                                                  Judge, United States District Court